```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
WINSTON HOYTE,                                              :
                                                            :
                       Plaintiff,                           :
                                                            :       04 Civ. 5297 (GEL)
              -v-                                           :
                                                            :       OPINION AND ORDER
NATIONAL RAILROAD PASSENGER CORP.                           :
(AMTRAK),                                                   :
                                                            :
                       Defendant.                           :
                                                            :
------------------------------------------------------------x
```

Steven G. Winn, Monsour, Winn,
Kurland & Warner, LLP, for plaintiff.

Ronald E. Joseph and Brian M. Oubre,
Landman, Corsi, Ballaine & Ford P.C.,
for defendant.

GERARD E. LYNCH, District Judge:

Plaintiff Winston Hoyte moves for a new trial pursuant to Federal Rule of Civil Procedure 59, on the ground that the jury's verdict was irreconcilably inconsistent. The motion will be denied.

## BACKGROUND

On April 19, 2004, an Amtrak train struck the rear of a Long Island Rail Road train in a tunnel leading to Penn Station in New York City. Plaintiff, a passenger on the Long Island Rail Road train at the time of the collision, filed suit approximately two months later, alleging that the accident had caused him various severe injuries. Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1331, 1349, 1441, and 49 U.S.C. § 24101 et seq.

Defendant conceded liability, and a jury trial to determine damages began on May 22, 2006. Plaintiff argued to the jury that the accident had caused him, inter alia, neck and back injuries, anxiety and depression, and most seriously, a traumatic brain injury. Plaintiff further argued that he was unable to return to work, and estimated his lost earnings at well over two million dollars. Defendant vigorously contested plaintiff's account of his injuries, arguing that both plaintiff and the experts who testified on plaintiff's behalf lacked credibility. Defendant also presented video surveillance of plaintiff, which, according to defendant, demonstrated that plaintiff had misrepresented the extent of his injuries.

On May 26, 2006, the jury returned a verdict awarding plaintiff only $6,000 in past medical expenses, $3,000 in future medical expenses, $7,500 in total past loss earnings, and $7,500 in past pain and suffering. The jury indicated on the verdict form that the $3,000 in future medical expenses represented one year of expenses. The jury did not award plaintiff any amount for future lost earnings or future pain and suffering. After the Court entered judgment on the verdict, plaintiff moved for a new trial pursuant to Federal Rule of Civil Procedure 59.

## DISCUSSION

Plaintiff's motion does not challenge any ruling made by the Court during trial; nor does plaintiff challenge the propriety of the jury instructions. Rather, plaintiff claims that the jury's failure to award damages for future pain and suffering is irreconcilably inconsistent with its award of $3,000 for future medical expenses. Based on this alleged inconsistency, plaintiff submits "that the jury must have been influenced by factors extraneous to the trial and ignored the evidence and the law of damages," and that a new trial must therefore be granted. (Winn Aff. at 2-3.)

"A motion for a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." Armstrong ex rel. Armstrong v. Brookdale Univ. Hosp. & Med. Ctr., 425 F.3d 126, 133 (2d Cir. 2005) (citation and internal quotation marks omitted). Where the moving party alleges an inconsistency in the verdict, the "district court has a duty to reconcile the jury's answers on a special verdict form with any reasonable theory consistent with the evidence, and to attempt to harmonize the answers if possible under a fair reading of those answers." McGuire v. Russell Miller, Inc., 1 F.3d 1306, 1311 (2d Cir. 1993). Moreover, "if there is any way to view a case that makes the jury's answers to the special verdict form consistent with one another, the court must resolve the answers that way even if the interpretation is strained." Id. The burden is on the moving party to demonstrate his entitlement to a new trial. See Giles v. Rhodes, 171 F. Supp. 2d 220, 225 (S.D.N.Y. 2001); Hardy v. Saliva Diagnostic Sys., Inc., 52 F. Supp. 2d 333, 340 (D. Conn. 1999).

The Second Circuit has held that a verdict is "irreconcilably inconsistent" where the jury finds that a defendant's negligence proximately caused all of plaintiff's medical expenses, but awards zero damages for plaintiff's "contemporaneous, undisputed pain and suffering." Brooks v. Barttleboro Mem'l Hosp., 958 F.2d 525, 530 (2d Cir. 1992). The Second Circuit has also required a new trial where a jury awarded zero dollars for pain and suffering, despite the fact that "uncontroverted testimony" established that the surgery for which the jury awarded future medical expenses would be necessary only when the plaintiff's pain increased. Crockett v. Long Island R.R., 65 F.3d 274, 278 (2d Cir. 1995).

However, courts have noted that while it is "unusual" for a jury to award damages for future medical expenses without awarding damages for future pain and suffering, such a verdict does not necessarily require a new trial. Manes v. Metro-North Commuter R.R, 801 F. Supp. 954, 961 (D. Conn. 1992); see also Feathers v. Wal-Mart Stores, Inc., 189 F.3d 460, 1999 WL 627613, at *1 (2d Cir. Aug. 5, 1999) (unpublished opinion) (affirming a verdict that awarded damages for future medical expenses and lost wages but not for future pain and suffering, and noting that "the evidence could have led the jury reasonably to conclude that future medical treatment would ultimately control the pain"); Hinkle v. Waddell, 945 F.2d 404, 1991 WL 191546, at *2 (6th Cir. Sept. 27, 1991) (unpublished opinion) ("There can be no blanket rule that if a jury grants future medical expenses they must automatically make an award for pain and suffering related thereto," quoting American States Ins. v. Audubon Country Club, 650 S.W.2d 252, 254 (Ky. 1983)); Litras v. Long Island R.R., 02 Civ. 5168 (SLT), 2006 WL 1455466, at *10 (E.D.N.Y. May 23, 2006) (holding that "the alleged inconsistency between the awarding of future medical expenses and the failure to award damages for future pain and suffering" could be "readily resolve[d]" and did not require a new trial); Trinidad v. American Airlines, Inc., 93 Civ. 4430 (SAS), 1997 WL 79819, at *3 (S.D.N.Y. Feb. 25, 1997) (refusing to "fashion a rule of law which states that damages for future medical expenses absolutely mandate damages for future pain and suffering").

Applying these standards here, it is beyond question that the verdict must stand. Even assuming that the jury's limited award of future medical expenses may properly be described as "inconsistent" with its refusal to award damages for future pain and suffering, the inconsistency is easily reconcilable. The jury could have reasonably concluded, for example, that the injuries

4

actually sustained by plaintiff were likely to require limited treatment for approximately one year, while also concluding that plaintiff would not continue to experience any conscious pain or suffering. (See Jury Charge at 15 (instructing the jury that "[a]n injured person is entitled to recover a sum of money which will justly and fairly compensate him for any injury and conscious pain and suffering").)[1] A reasonable jury could also have concluded that plaintiff would require continued medical monitoring of his condition for approximately one year, at a cost of $3,000, while also finding that plaintiff had failed to prove, by a preponderance of the evidence, that he would experience any future pain or suffering. Or, the jury might have concluded that any emotional or physical pain suffered by plaintiff could be alleviated completely with $3,000 worth of medical treatment. See Feathers, 189 F.3d 460, 1999 WL 627613, at *1; Litras, 2006 WL 1455466, at *10; cf. Ball v. Melsur Corp., 161 Vt. 35, 44-45 (1993) ("[T]he jury could have . . . concluded that the amount expended for medicines and treatment would eliminate the pain.").

The instant case is not comparable to Brooks, because both the extent of Hoyte's injuries and the degree of his pain and suffering were vigorously disputed at trial. Compare Brooks, 958 F.2d at 530. Nor is this case similar to Crockett, where the jury awarded "no money for the future pain that was the necessary precedent to the surgery that the jury found [the plaintiff] required." Crockett, 65 F.3d at 278. It is quite evident to this Court that the jury, which was attentive and responsible throughout the trial, simply rejected plaintiff's claim of extensive injury and found that plaintiff was not badly hurt, but that he did suffer a minor injury that caused him discomfort for some period of time. Nothing in that conclusion is inconsistent with a

---

[1] Plaintiff did not oppose this instruction at trial; nor does he challenge it now.

finding that a prudent patient would continue, for a limited time in the future, to obtain follow-up treatment and/or monitoring.[2]

In sum, the alleged inconsistency in the verdict is easily reconcilable and entirely distinguishable from inconsistencies which have warranted new trials in other cases. Plaintiff, who provides no citation to the record or to any legal authority that might undermine the Court's analysis, has thus failed to carry his burden of demonstrating entitlement to a new trial.[3]

## CONCLUSION

For the reasons discussed, plaintiff's motion pursuant to Federal Rule of Civil Procedure 59 is denied.

SO ORDERED.

Dated: New York, New York
July 24, 2006

*[signature]*
GERARD E. LYNCH
United States District Judge

---

[2] Plaintiff notes that the only evidence regarding a need for future treatment came from his doctor, who also testified that plaintiff would continue to experience pain. (Winn Aff. at 2.) The jury is not required, however, to treat credibility as an all-or-nothing matter, and it is fully within the jury's fact-finding discretion to credit portions of a witness's testimony and discredit others.

[3] Due perhaps to a lack of clarity in plaintiff's motion papers, defendant has interpreted the basis of plaintiff's motion differently from the Court. In defendant's view, plaintiff's primary contention is that "the jury verdict was inconsistent because it awarded low damages even though plaintiff offered testimony regarding his purported injuries and future lost earnings." (D. Mem. at 2.) Assuming that this is a proper characterization of plaintiff's argument, defendant is correct that no new trial is warranted, because "the amount of damages . . . can readily be explained by reference to the evidence presented at trial and the jury's assessment that plaintiff and plaintiff's witnesses lacked credibility." (Id. at 4.)

6